### SAN JOAQUIN FRUIT & INVESTMENT CO. v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 7505.

Circuit Court of Appeals, Ninth Circuit.

Sept. 21, 1936.

George M. Naus, of San Francisco, Cal., for petitioner.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key, John M. Hudson, and Frederick W. Dewart, Sp. Assts. to the Atty. Gen., for respondent.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

The petitioner moves the court to withhold its mandate to the Board of Tax Appeals after decision and mandate by the Supreme Court adverse to the petitioner, Helvering, Com'r v. San Joaquin Fruit & Investment Co., 297 U.S. 496, 56 S.Ct. 569, 80 L.Ed. 824, reversing our decision 77 F. (2d) 723, on its petition to review the decision of the Board of Tax Appeals, 28 B.T.A. 395, in order that this court may pass upon the sixth assignment of error in its petition to review the action of the Board of Tax Appeals, which petitioner claims has not been considered by this court, nor by the Supreme Court, for the reason that our decision upon the other questions made a decision on the sixth assignment unnecessary. Petitioner contends that the mandate of the Supreme Court reversing our former decision and remanding the cause to this court "for further proceedings in conformity with the opinion of this court" both authorizes and requires us to consider the sixth assignment of error in its petition to review the action of the Board of Tax Appeals, which is as follows: "(6) The Board of Tax Appeals erred in deciding that the value of the land and improvements at November 30, 1916, was not the basis of the property for the years involved, for purposes of invested capital."

The specification of error in its brief upon that subject is as follows: "(1) The Board erred in finding and deciding that the value of the land and improvements at November 30, 1916, was not the basis for the tax years involved, for purposes

of (a) depreciation, (b) gain or loss, and (c) invested capital."

Petitioner, in the argument upon the first specification, did not distinguish between the rule with reference to invested capital and gain or loss, but based its argument upon the proposition that the transaction of November 30, 1916, was a closed transaction. We quote from the brief upon that subject as follows:

"It follows that there was a closed transaction, and therefore that the basis of the property for the subsequent years at bar (1920 and later years) is the value of the land and improvements on November 30, 1916.

"(b) Years 1920 and 1921. * * *

"Furthermore, if there was a realizing transaction on November 30, 1916, the value of the property acquired on that date would be the basis for determining invested capital for the taxable years 1920 and 1921."

In view of our rule (24) it was unnecessary to consider the sixth assignment of error contained in the petition because it was not embodied in a separate specification.

The respondent contends that the question sought to be raised by the petitioner in its motion to withhold our mandate has been determined by the Supreme Court adversely to the contention of the petitioner.

The question raised by the appeal to the Supreme Court was whether or not the petitioner "acquired" the land upon which it had an option at the time the option was exercised. If so, the cost thereof was to be the basis of computing the gain derived from a subsequent sale of the land.

The Supreme Court held that the petitioner acquired the land when it exercised its option on November 30, 1916, and that its cost was the amount paid the seller at that time ($200,000) in cash, plus the amounts theretofore expended for improvements pursuant to the lease. "We hold," the court stated in its opinion, "that the respondent acquired the property on November 30, 1916." With reference to the increase in value of the land prior to March 1, 1913 (the option having been given in 1906), the court stated: "But

the gain accruing in that period did not accrue to property owned by the lessee. Neither the land nor the gain so accruing before March 1, 1913, became the lessee's property until 1916 when it took up its option." The court also held that the transaction of November 30, 1916, was not a closed transaction, that is, an exchange of capital assets as claimed by the petitioner, but that it was an acquisition of land at that time in consideration of the $200,000 and expenditures for improvements theretofore made. It follows that the increase in value of the property prior to November 30, 1916, did not belong to the petitioner until acquired on that date. It is therefore clear that it could not and did not constitute earned surplus before the property was acquired November 30, 1916. When acquired on that date, the increase in value over and above the cost of the property could not be considered as earned surplus within the meaning of section 326 (a) (3) of the Revenue Act of 1918, 40 Stat. 1092, for it has been held by the Supreme Court in an earlier case (La Belle Iron Works v. U. S., 256 U.S. 377, 41 S.Ct. 528, 65 L.Ed. 998) that the terms "earned surplus" and "undivided profits" as used in an earlier revenue act (Act of October 3, 1917, c. 63, T. 2, 40 Stat. 300, 306, § 207) did not include a mere increase in the value of the land of the taxpayer whether that increase represented a profit at the time of acquisition or an increase in the value of the land after acquisition. This decision was so construed and applied by the Circuit Court of Appeals of the Seventh Circuit in Steele-Wedeles Co. v. Commissioner, 63 F.(2d) 541, and by the Circuit Court of Appeals of the Third Circuit in Consolidated Coke Co. v. Commissioner, 70 F.(2d) 446.

We conclude, first, that the petitioner did not separately state its assignment No. 6 in its specification of error and therefore waived it; second, that the decision of the Supreme Court construed in the light of its previous decision in La Belle Iron Works v. United States, supra, is adverse to the contention advanced by the petitioner.

For these reasons the motion is denied and the cause remanded to the Board of Tax Appeals, with instructions to proceed in accordance with its decision in this matter (28 B.T.A. 395).